OPINION OF THE COURT
Carol H. Arber, J.
The defendant, Joel Kaufmann, is charged with violations of the Administrative Code of the City of New York: sections C26-121.5, C26-121.3, C26-121, and C26-121.1. The defendant moves to dismiss the charges pursuant to CPL 170.30 (subd 1, par [f]) stating that no violation of law can be proved and the law is being enforced in a selective and discriminatory manner.
There have been four summonses issued to defendant by the Department of Buildings. The issuing dates are October 22, 1983; December 24, 1983; March 25, 1984; and April 14, 1984. In each case, an information was subsequently filed with the court. The cases are consolidated for purposes of this decision.
In sum, the charge against the defendant is that he has changed the use of the premises from a parking lot to a flea market in violation of the certificate of occupancy. The defendant has entered pleas of not guilty.
In support of his motion, defendant asserts that he leases the premises from the parking lot operators and uses them on weekends from March to December as a flea market. The defendant, in turn, rents space to vendors pursuant to his license from the New York City Department of Consumer Affairs. The defendant claims that the Code is *1011 violated only when the new activity is in a different “use group” than the use group listed on the current certificate of occupancy. He argues that since “flea markets” are not classified by the Zoning Resolution it cannot be assumed that they are in a different use group than that which is allowed by the existing certificate of occupancy, that there is therefore no violation, and the information should be dismissed.
In opposition to defendant’s motion, the People claim that use groups designate permissible uses. The People assert that the doctrine of expressio unius est exclusio alterius applies to the enforcement of the Zoning Resolution. In addition, the People claim that defendant must exhaust administrative remedies, to wit: apply to the Department of Buildings to amend the certificate of occupancy.
The imposition of criminal sanctions is a serious matter; strict compliance with statutes must be adhered to if due process rights are to be upheld. In the instant case, the Zoning Resolution must be construed to be violated only when conduct which is specifically prohibited has occurred. This court will not condone the imposition of criminal sanctions by analogy to existing prohibitions to meet the needs of particular fact patterns. Inasmuch as flea markets are not prohibited by use group 8, it cannot be said that the use of the premises for such a purpose constitutes a change in use groups within the meaning of the code. Subdivision (b) of section C26-121.5 states, “Except as provided by law, a new certificate of occupancy shall not be required where the change of use is within the same use group as listed in the amended zoning resolution.” Since a change in use group cannot be shown the charges against the defendant must be dismissed.
The court notes that it appears defendant is the lessee of the premises. The informations filed with the court each give to defendant a different status: owner, lessee, manager or flea market owner; however, defendant alleges he is the lessee. Neither the lease nor the present certificate of occupancy were presented to the court. It is clear nonetheless that the proper applicant for an amendment to the certificate of occupancy would be the owner of the premises *1012 or his/her agent. (See Administrative Code, § C26-121.8.) Even if an amended certificate of occupancy is required here, it is clear to the court that the defendant named herein is not the proper party.
The court finds no merit in defendant’s claim of discriminatory enforcement of the law. (Matter of 303 West 42nd St. Corp. v Klein, 46 NY2d 686.)
Defendant’s motion to dismiss is granted in accordance with the foregoing decision.